263.068857 RES/cjs
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE JENSEN, Special Administrator of the Estate of SHIRLEY JENSEN, <br><br> Plaintiff, <br><br> v. <br><br> SUNRISE SENIOR LIVING SERVICES, INC., d/b/a BRIGHTON GARDENS AT ORLAND PARK, <br><br> Defendant. | Civil Action No. <br> Circuit Court of Cook County <br> 10 L 013383 <br><br> Honorable Judge: <br><br> Magistrate Judge: |

## NOTICE OF REMOVAL

**NOW COME**, the Defendant, SUNRISE SENIOR LIVING SERVICES, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby removes this civil action being case number 10 L 013383 from the Circuit Court of Cook County, Illinois, Law Division to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 USC §1441 and 1332. In support thereof, the Defendant states as follows:

1. This action was filed in The Circuit Court of Cook County, State of Illinois on November 23, 2010. (A copy of the Complaint at Law and Summons are attached hereto and incorporated herein as "**Exhibit 1**"). A copy of the Complaint was served upon the Defendant, Sunrise Senior Living Services, Inc., on December 2, 2010. This notice is filed within 30 days after service of the Complaint upon the Defendant.

2. Any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. 28 USC §§1441.

3. The District Courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and where there is complete diversity. 28 USC §§1332. There is complete diversity when, at the time that the action was commenced, every plaintiff is of diverse citizenship as every defendant. Id.

4. At the time the action was commenced, Plaintiff, Dale Jensen, was a citizen of the State of Illinois. The Defendant, Sunrise Senior Living Services, Inc., was a Delaware corporation with its principal place of business in Virginia.

5. The amount in controversy could exceed $75,000.00, exclusive of interest and costs. Plaintiff contends that Defendant's alleged negligence caused Shirley Jensen to suffer a fall and a fractured ankle, which in turn caused her to suffer a deterioration of her physical and mental condition. Plaintiff has alleged that they are entitled to personal and pecuniary damages, including pain, suffering, medical expenses, disfigurement and mental anguish. Plaintiff has also alleged that the alleged negligence proximately caused the death of Shirley Jensen. Based on this information, there is a good faith basis to assert that the amount in controversy could exceed the jurisdictional amount.

6. Therefore, the United States District Courts have original jurisdiction for this civil action under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division in which the State action is pending.

8. The Defendant has attached to this Notice copies of process and pleadings that have

been served upon it.

**WHEREFORE**, the Defendant, SUNRISE SENIOR LIVING SERVICES, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

/s/Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone: (312) 578-7489
Fax: (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| DALE JENSEN, Special Administrator of Estate of SHIRLEY JENSEN, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | NO. 2010L013983 CALENDAR/ROOM F TIME 00:00 Medical Malpractice |
| SUNRISE SENIOR LIVING SERVICES INC. d/b/a BRIGHTON GARDENS AT ORLAND PARK, | ) ) ) ) | |
| Defendant. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, DALE JENSEN, Special Administrator of the Estate of SHIRLEY JENSEN ("JENSEN"), by her attorneys, O'CONNOR LAW GROUP LLC, and complaining of Defendant SUNRISE SENIOR LIVING SERVICES, INC. d/b/a BRIGHTON GARDENS AT ORLAND PARK ("BRIGHTON GARDENS"), states as follows:

### COUNT I
### SURVIVAL ACTION
### JENSEN v. BRIGHTON GARDENS AT ORLAND PARK

1. This count of this action is brought on behalf of the Estate of SHIRLEY JENSEN, deceased, as a "survival action" pursuant to 755 ILCS § 5/27-6, in the name of DALE JENSEN, the Special Administrator for the Estate of SHIRLEY JENSEN, deceased.

2. DALE JENSEN was appointed Special Administrator of the Estate of SHIRLEY JENSEN, deceased, by order of the Circuit Court Clerk of Cook County, for the purpose of bringing this action.

3. At all relevant times, the Decedent SHIRLEY JENSEN was a resident of the City of Chicago, County of Cook, and State of Illinois.

4. At all times mentioned herein Defendant SUNRISE SENIOR LIVING SERVICES,

1



INC. was a corporation doing business in Cook County, Illinois, which operated and was the licensee of an assisted living health establishment known as Brighton Gardens at Orland Park, located at 16051 S. LaGrange Road, Orland Park, Illinois.

5. In 2009 and 2010, the Decedent SHIRLEY JENSEN was a resident of BRIGHTON GARDENS.

6. Defendant BRIGHTON GARDENS hired and employed nurses, nurses' aides, housekeepers, orderlies, and other employees in the operation of its business as an assisted living establishment.

7. Upon admission to BRIGHTON GARDENS, the Decedent SHIRLEY JENSEN was dependent upon staff at the facility for assistance with activities of daily living including, but not limited to transferring and bed mobility.

8. While a resident at Defendant BRIGHTON GARDENS, the Decedent SHIRLEY JENSEN suffered from diagnoses including spondylosis, hip replacement, knee replacement, degenerative joint disease, and obesity.

9. During her residency at Defendant BRIGHTON GARDENS, the Decedent SHIRLEY JENSEN required the use of a wheelchair; Defendant BRIGHTON GARDENS ordered that the Decedent SHIRLEY JENSEN required two person transfers due to her inability to bear weight.

10. On or about February 2, 2010, an employee of Defendant BRIGHTON GARDENS, while transferring the Decedent SHIRLEY JENSEN from her wheelchair to her bed, dropped the Decedent and/or caused the Decedent to suffer disabling injuries to her right leg.

11. At all relevant times, the Defendant BRIGHTON GARDENS, by and through its staff, including its employees, agents, and/or apparent agents, was under a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified nurses and

staff personnel with regard to the care and treatment provided to the Decedent SHIRLEY JENSEN.

12. Defendant BRIGHTON GARDENS, pursuant to the Assisted Living and Shared Housing Act, 210 ILCS 9/95, had a duty to ensure that the Decedent SHIRLEY JENSEN was free from neglect.

13. Defendant BRIGHTON GARDENS, by its agents and employees, breached its duty and was negligent by the following acts or omissions:

   (a) Performed a 1 person assist while attempting to transfer the Decedent from her wheelchair to her bed when the resident required a 2 person assist;

   (b) Failed to comply with the Decedent's Individual Service Plan for proper resident transfer which required a 2 person assist;

   (c) Failed to comply with the Decedent's Service Plan which stated that she required a 2 person transfer;

   (d) Allowed the Decedent to fall causing injury to her right leg;

   (e) Failed to adequately train Defendant's staff;

   (f) Deprived the Decedent of her resident rights, specifically her right to be free from neglect, pursuant to 210 ILCS 9/95;

   (g) Violated Defendant's own policies and procedures regarding care, supervision, and transferring of residents;

   (h) Was otherwise careless and negligent.

11. As a proximate result of the one or more of these acts of neglect, the Decedent SHIRLEY JENSEN sustained serious injuries, suffered pain and other damages, and otherwise suffered a deterioration of her physical and mental condition.

WHEREFORE, the Plaintiff, DALE JENSEN, Special Administrator of the Estate of SHIRLEY JENSEN, demands judgment against the Defendant, SUNRISE SENIOR LIVING d/b/a BRIGHTON GARDENS AT ORLAND PARK, in an amount which a court and jury deem fair and reasonable, but in excess of $50,000.00.

3

## COUNT II
## WRONGFUL DEATH ACTION
## JENSEN v. BRIGHTON GARDENS AT ORLAND PARK

12. This matter is brought pursuant to the Wrongful Death Act of the State of Illinois, 740 ILCS § 180/1 et seq.

14. DALE JENSEN was appointed Special Administrator of the Estate of SHIRLEY JENSEN, deceased, by order of the Circuit Court Clerk of Cook County, for the purpose of bringing this action.

15. At all relevant times, the Decedent SHIRLEY JENSEN was a resident of the City of Chicago, County of Cook, and State of Illinois.

16. At all times mentioned herein Defendant SUNRISE SENIOR LIVING SERVICES, INC. was a corporation doing business in Cook County, Illinois, which operated and was the licensee of an assisted living health establishment known as Brighton Gardens at Orland Park, located at 16051 S. LaGrange Road, Orland Park, Illinois.

17. In 2009 and 2010, the Decedent SHIRLEY JENSEN was a resident of BRIGHTON GARDENS.

18. Defendant BRIGHTON GARDENS hired and employed nurses, nurses' aides, housekeepers, orderlies, and other employees in the operation of its business as an assisted living establishment.

19. Upon admission to BRIGHTON GARDENS, the Decedent SHIRLEY JENSEN was dependent upon staff at the facility for assistance with activities of daily living including, but not limited to transferring and bed mobility.

20. While a resident at Defendant BRIGHTON GARDENS, the Decedent SHIRLEY JENSEN suffered from diagnoses including spondylosis, hip replacement, knee replacement, degenerative joint disease, and obesity.

21. During her residency at Defendant BRIGHTON GARDENS, the Decedent SHIRLEY JENSEN required the use of a wheelchair; Defendant BRIGHTON GARDENS ordered that the Decedent SHIRLEY JENSEN required two person transfers due to her inability to bear weight.

22. On or about February 2, 2010, an employee of Defendant BRIGHTON GARDENS, while transferring the Decedent SHIRLEY JENSEN from her wheelchair to her bed, dropped the Decedent and/or caused the Decedent to suffer disabling injuries to her right leg.

23. At all relevant times, the Defendant BRIGHTON GARDENS, by and through its staff, including its employees, agents, and/or apparent agents, was under a duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified nurses and staff personnel with regard to the care and treatment provided to the Decedent SHIRLEY JENSEN.

24. Defendant BRIGHTON GARDENS, pursuant to the Assisted Living and Shared Housing Act, 210 ILCS 9/95, had a duty to ensure that the Decedent SHIRLEY JENSEN was free from neglect.

25. Defendant BRIGHTON GARDENS, by its agents and employees, breached its duty and was negligent by the following acts or omissions:

   (a) Performed a 1 person assist while attempting to transfer the Decedent from her wheelchair to her bed when the resident required a 2 person assist;

   (b) Failed to comply with the Decedent's Individual Service Plan for proper resident transfer which required a 2 person assist;

   (c) Failed to comply with the Decedent's Service Plan which stated that she required a 2 person transfer;

   (d) Allowed the Decedent to fall causing injury to her right leg;

   (e) Failed to adequately train Defendant's staff;

   (f) Deprived the Decedent of her resident rights, specifically her right to be free from neglect, pursuant to 210 ILCS 9/95;

5

(g) Violated Defendant's own policies and procedures regarding care, supervision, and transferring of residents;

(h) Was otherwise careless and negligent.

11. As a direct and proximate result of one or more of the aforementioned acts and/or omissions of the Defendant, the Decedent, SHIRLEY JENSEN, was caused to suffer a debilitating condition resulting in her death on February 6, 2010.

12. The Decedent SHIRLEY JENSEN left the following heirs and next of kin:

(a) Dale J. Jensen (son)
(b) Marlene R. Piekosz (daughter)

18. As a proximate result of the wrongful death of SHIRLEY JENSEN, her heirs and next of kin sustained a substantial pecuniary loss, including the loss of her society, love and companionship. Additionally, the Decedent's heirs suffered pecuniary injuries resulting from Decedent's death, including grief, sorrow, and mental suffering.

19. Plaintiff also makes a claim for the decedent's final medical expenses and her funeral expenses pursuant to *Saunders v Schultz*, 20 Ill. 2d. 301.

WHEREFORE, the Plaintiff DALE JENSEN, Special Administrator of the Estate of SHIRLEY JENSEN, demands judgment against the Defendant, SUNRISE SENIOR LIVING d/b/a BRIGHTON GARDENS AT ORLAND PARK, in an amount which a court and jury deem fair and reasonable, but in excess of $50,000.00.

_____
Eileen M. O'Connor
One of the Attorney's for Plaintiff

**O'CONNOR LAW GROUP, LLC**
221 N. LaSalle Street
Suite 1050
Chicago, IL 60601
(312) 236-1814
Attorney Code #46573

 **CT Corporation**

**Service of Process Transmittal**
12/02/2010
CT Log Number 517687520

**TO:** Kimberly Wilburn
Sunrise Senior Living, Inc.
7900 Westpark Drive, Suite T900
McLean, VA 22102

**RE:** **Process Served in Illinois**

**FOR:** Sunrise Senior Living Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dale Jensen, Special Administrator of Estate of Shirley Jensen, Pltf. vs. Sunrise Senior Living Services Inc., etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Petition |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2010L013383 |
| **NATURE OF ACTION:** | Wrongful Death - Improper Care and Treatment - 02/06/10 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/02/2010 at 10:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Eileen M. O'Connor O'Connor Law Group, LLC 221 N. LaSalle Street Suite 1050 Chicago, IL 60601 312-236-1814 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 796511476973 Image SOP Email Notification, Kimberly Wilburn kimberly.wilburn@sunriseseniorliving.com Email Notification, Maria Balourdos Maria.Balourdos@sunriseseniorliving.com Email Notification, Helen Wilson helen.wilson@sunriseseniorliving.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / FR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __Law__ DIVISION 13383
CALENDAR/ROOM F
TIME 09:00
No. Medical Malpractice

Dale Jensen, Special Administrator of the Estate of Shirley Jensen,

(Name all parties)

v.

Sunrise Senior Living Services, Inc., d/b/a Brighton Gardens at Orland Park,

Please Serve Defendant
Sunrise Senior Living Services
Inc d/b/a Brighton Gardens at
Orland Park
CT Corporation Sytems
208 South LaSalle Street
Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☒ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602
- ☐ District 2 - Skokie, 5600 Old Orchard Rd., Skokie, IL 60077
- ☐ District 3 - Rolling Meadows, 2121 Euclid, Rolling Meadows, IL 60008
- ☐ District 4 - Maywood, 1500 Maybrook Ave., Maywood, IL 60153
- ☐ District 5 - Bridgeview, 10220 S. 76th Ave., Bridgeview, IL 60455
- ☐ District 6 - Markham, 16501 S. Kedzie Pkwy., Markham, IL 60426
- ☐ Child Support, 28 North Clark St., Room 200, Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

NOV 2 3 2010

Atty. No.: 46573
Name: O'Connor Law Group, LLC
Atty. for: Plaintiff
Address: 221 North LaSalle, Suite 1050
City/State/Zip: Chicago, IL 60601
Telephone: 312-236-1814

WITNESS, _____,

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

\*0 0 1 2 0 2 7 1\*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, __Law__ DIVISION

No. _____

Dale Jensen, Special Administrator of the Estate of Shirley Jensen,

(Name all parties)

v.

Sunrise Senior Living Services, Inc., d/b/a Brighton Gardens at Orland Park,

Please Serve Defendant
Sunrise Senior Living Services
Inc d/b/a Brighton Gardens at
Orland Park
CT Corporation Sytems
208 South LaSalle Street
Suite 814
Chicago, IL  60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☒ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL  60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL  60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL  60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL  60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL  60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois  60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

NOV 2 3 2010

Atty. No.: __46573__
Name: __O'Connor Law Group, LLC__
Atty. for: __Plaintiff__
Address: __221 North LaSalle, Suite 1050__
City/State/Zip: __Chicago, IL  60601__
Telephone: __312-236-1814__

WITNESS, _____, _____

DOROTHY BROWN
Clerk of Court
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | | |
|---|---|---|
| DALE JENSEN, Special Administrator of Estate of SHIRLEY JENSEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) NO. ) | 2010L013383 CALENDAR/ROOM F TIME 00:00 Medical Malpractice |
| SUNRISE SENIOR LIVING SERVICES INC. d/b/a BRIGHTON GARDENS AT ORLAND PARK, | ) ) ) ) | |
| Defendant. | ) | |

**PETITION FOR ADMINISTRATION**

NOW COMES the law firm of O'CONNOR LAW GROUP, LLC attorneys for SHIRLEY JENSEN, Deceased, and prays that this Honorable Court appoint DALE JENSEN, as Special Administrator for the Estate of DALE JENSEN, Deceased, and in support thereof states as follows:

1. That this matter is brought pursuant to the Wrongful Death Act of the State of Illinois, 740 ILCS § 180/1 et seq.

2. That the Deceased, SHIRLEY JENSEN, died on February 6, 2010 as the result of the negligence of Defendant BRIGHTON GARDENS.

3. At the time of her death, the Decedent, SHIRLEY JENSEN, was eighty-five (85) years of age. The Decedent was a widow and survived by her two children, Petitioner DALE JENSEN and Marlene R. Piekosz.

4. That the only asset in the estate of SHIRLEY JENSEN is this cause of action, and no estate or probate proceedings are presently pending.

5. That the only heirs of SHIRLEY JENSEN are:

1

    1.    Dale Jensen, son; and
    2.    Marlene R. Piekosz, daughter

6. Ms. Marlene R. Piekosz has waived notice and consented to the issuance of Letters of Administration to DALE JENSEN.

7. DALE JENSEN, the son of the Decedent, has requested to be appointed as Special Administrator of the Estate of SHIRLEY JENSEN, Deceased, for this cause of action.

8. DALE JENSEN resides in Cook County and is over the age of eighteen.

WHEREFORE, Petitioner prays that DALE JENSEN be appointed Special Administrator for the purpose of bringing a lawsuit, captioned "DALE JENSEN, as Special Administrator of the Estate of SHIRLEY JENSEN, vs. SUNRISE SENIOR LIVING SERVICES INC. d/b/a BRIGHTON GARDENS AT ORLAND PARK, Defendant."

_____
Eileen M. O'Connor
One of the Attorney's for Plaintiff

**O'CONNOR LAW GROUP, LLC**
221 N. LaSalle Street
Suite 1050
Chicago, IL 60601
(312) 236-1814
Attorney Code #46573

2

263.068857　　　　　　　　　　RES/cjs　　　　　　　　　　25017

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DALE JENSEN, Special Administrator of the Estate of SHIRLEY JENSEN, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. Circuit Court of Cook County 10 L 013383 |
| v. | ) ) | Honorable Judge: |
| SUNRISE SENIOR LIVING SERVICES, INC., d/b/a BRIGHTON GARDENS AT ORLAND PARK, | ) ) ) ) | Magistrate Judge: |
| Defendant. | ) | |

## ATTESTATION

Robert E. Sidkey, Esq, being first duly sworn on oath, deposes and states as follows:

1.　He is the attorney for the defendant/petitioner, SUNRISE SENIOR LIVING SERVICES, INC., in this cause.

2.　He has prepared and read the Notice of Removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3.　The facts and allegations contained in the Notice of Removal are true and correct to the best of his knowledge.

Respectfully submitted,

/s/Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:　(312) 578-7489
Fax:　　　　(312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

A copy of the **Defendant's Notice of Removal and Attestation** was filed electronically this 28th day of December, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

**ATTORNEY FOR PLAINTIFF**

Eileen M. O'Connor

O'Connor Law Group, LLC

221 North LaSalle Street, Suite 1050

Chicago, Il. 60601

312-236-1814

312-580-5479 - Fax

lsb@oconnorlawgrp.com

 

                                        Respectfully submitted,

                                        /s/Robert E. Sidkey
                                        PRETZEL & STOUFFER, CHARTERED
                                        One S. Wacker Drive
                                        Suite 2500
                                        Chicago, IL 60606
                                        Telephone:   (312) 578-7489
                                        Fax:             (312) 346-8242
                                        rsidkey@pretzel-stouffer.com
                                        *Attorney for Defendant*